**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GEORGE CISSNEY, DENNIS SOULE,** and **TERRY GRAVELLE,** individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

**PB PLUMBING, LLC d/b/a TITAN PLUMBING GROUP,** a Michigan Limited Liability Company, and **GREGORY M. JOHNSON**, an individual, as

Defendants.

Case No. 26-cv-11740

Hon.

---

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs, George Cissney, Dennis Soule, and Terry Gravelle ("Plaintiffs"), individually, and on behalf of others similarly situated, bring this lawsuit against Defendants PB Plumbing, LLC (doing business as "Titan Plumbing Group") and Gregory M. Johnson (hereinafter referred to individually as "Titan" or "Johnson" and collectively as "Defendants") for unpaid overtime wages, lost wages, non-economic damages, compensatory damages, and all other available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs, individually, and on behalf of all similarly situated persons, known and unknown, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Defendant Johnson is the sole managing member of Titan, which is a limited liability company that offers plumbing services to its customers.

3. Plaintiffs are all former non-exempt plumbers that Defendants jointly employed within the past three years.

4. Defendants maintained a common unlawful policy of failing to pay its plumbers for overtime premiums, as required by the FLSA. More specifically, Defendants misclassified their plumbers as being exempt from the overtime protections of the FLSA.

5. In December 2025, Plaintiffs lodged a complaint with the United States Department of Labor and otherwise confronted Defendants regarding their failure to pay overtime premiums to plumbers. In response, Defendants unlawfully retaliated against Plaintiffs by terminating their employment and took other retaliatory actions designed to punish, harass, and embarrass Plaintiffs.

6. As a direct and proximate cause of this clearly unlawful retaliation, Plaintiffs sustained significant non-economic losses including, but not limited to,

embarrassment, humiliation, mental distress, anxiety, and damage to their reputation.

7. In addition to their unpaid overtime wages, Plaintiffs are entitled to recover for the significant non-economic damage they sustained because of Defendants' unlawful retaliation. *See Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004) (holding the retaliation provisions of the FLSA permit an employee to recover for "emotional injuries, as well as economic ones.").

8. Accordingly, on their own behalf and on behalf of all other similarly situated plumbers, Plaintiffs seek to recover all unpaid overtime wages, liquidated damages, attorney fees, litigation costs, and all other relief that is deemed due and recoverable. Additionally, Plaintiffs seek to recover for the significant non-economic damage they have sustained because of Defendants' unlawful retaliation.

## JURSIDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq*.

10. Additionally, this Court has jurisdiction over Plaintiffs' collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

11. This Court has personal jurisdiction over Defendant Titan because it is headquartered and maintains its principal place of business within the state of Michigan and within this District.

12. This Court has personal jurisdiction over Defendant Johnson because he has purposely availed himself of doing business in this state, is domiciled in this state and district, operates and/or owns physical residential and business properties in this state, and employed individuals at those business properties (including Plaintiffs). Additionally, Johnson intentionally and knowingly directed or supervised his employees, including Plaintiffs, in the state of Michigan. At all relevant times, Defendant Johnson maintained continuous and daily contact with his employees in Michigan to provide them with instructions on the performance of their job duties.

## PARTIES

13. Plaintiffs are all domiciled in Michigan and were employed by Defendants as plumbers at its Howell, Michigan business within the past three (3) years. Plaintiffs earned a salary of approximately $90,000.00.

14. Each of the Plaintiffs have filed a consent to join this collective action. *See*, **Exhibits 1-3**.

15. The putative collective of plumbers (defined below) likewise worked as non-exempt plumbers for Defendant out of its Howell, Michigan business during

the past three (3) years.

16. Defendant Johnson is, and at all relevant times has been, Titan's sole managing member and operates the plumbing business located at 2440 W Highland Rd., Ste. 104, Howell, Michigan 48843.

17. According to the Michigan Department of Licensing and Regulatory Affairs, Defendant Titan's State of Michigan Identification Number is 802057993 and their registered office address is also 2440 W Highland Rd., Ste. 104, Howell, Michigan 48843.

## GENERAL ALLEGATIONS

18. Defendants employed Plaintiffs within the past three (3) years to perform manual labor, and specifically, plumbing services to Defendants' customers.

19. Defendants did not pay Plaintiffs or their other plumbers overtime premiums in the amount of 1.5 times their regular hourly rate, as required by the FLSA.

20. Defendant misclassified Plaintiffs and their other plumbers as exempt employees and paid them no overtime premiums.

21. Defendants required Plaintiffs to work a full-time schedule and routinely scheduled Plaintiffs to work forty (40) or more hours in a week.

22. Defendants routinely required Plaintiffs to work more than forty hours

in a week, but they did not pay Plaintiffs any overtime premiums because they misclassified them as exempt employees.

23. While Defendants claim to pay Plaintiffs and the other plumbers on a salary, Defendants reduced Plaintiffs pay in weeks that they did not work a full forty hours.

24. Plaintiffs and all other similarly situated plumbers are, by virtue of their job duties, non-exempt employees and entitled to the overtime protections of the FLSA.

25. The FLSA's regulations expressly identify plumbers as non-exempt employees and specifically state:

> non-management production line employees and non-management employees in maintenance, construction, and similar occupations such as carpenters, electricians, mechanics, plumbers … are entitled to minimum wage and overtime premium pay under the Fair Labor Standards Act, and are not exempt under the regulation in this part no matter how highly paid they may be.
>
> 29 C.F.R. § 541.3(a)

26. Additionally, the United States Department of Labor, Wage and Hour Division (the "DOL") has issued Fact Sheet #17 that expressly states:

> FLSA-covered, non-management employees in production, maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers and laborers are entitled to minimum wage and overtime premium pay under the FLSA, and are not

> exempt under the Part 541 regulations no matter how highly paid they might be.

27. Defendants were aware or should have been aware that plumbers were non-exempt employees entitled to overtime premium pay under the FLSA.

28. There is no reasonable justification for Defendants not to pay Plaintiffs and their other similarly situated plumbers overtime.

29. Defendants' violation of the FLSA was willful and intentional.

## RETALIATION ALLEGATIONS

30. In December 2025, Plaintiff Cissney contacted the DOL, regarding Defendants' failure to pay overtime premiums to its plumbers.

31. The DOL subsequently initiated an investigation and contacted Defendants regarding the same.

32. Shortly after learning about the DOL's investigation in their wage practices, Defendants informed Plaintiffs and other plumbers that their pay would be reduced specifically because of the DOL investigation.

33. Plaintiffs' manager, James Taylor, informed Plaintiff Gravelle, that Defendant Johnson suspected that it was one of the three Plaintiffs that turned him in to the DOL. Further, Mr. Taylor told Plaintiff Gravelle that Defendant Johnson would impose severe consequences for the individuals responsible. Mr. Taylor also made threats to Plaintiffs, including threats to cause them to sustain physical harm to their bodies. Specifically, for example, Mr. Taylor stated he would break the jaw

of whoever started the DOL investigation.

34. Later, Defendant terminated the employment of Plaintiffs and several other similarly situated plumbers that Defendants suspected were responsible for initiating the DOL investigation.

35. Defendants took further retaliatory action against Plaintiffs making false and disparaging statements regarding them, threatening them, or otherwise antagonizing them due to their suspected involvement with reporting Defendants to the DOL.

36. For example, after terminating Plaintiff Cissney, Defendant Johnson taunted Plaintiff Cissney in front of other employees while he attempted to collect his belongings. After getting into his truck, Plaintiff Cissney started his vehicle and waited for it to warm up. During this time, Defendant Johnson called the police and requested a restraining order against Plaintiff Cissney for trespassing on Defendants' Howell business location (that Plaintiff had just been fired from). After arriving home, and just after he had been terminated, the police arrived at Plaintiff Cissney's home. The police instructed Plaintiff Cissney that he was prohibited from returning to Defendants' business location for any reason.

37. As a result of Defendants' unlawful retaliation, Plaintiffs have sustained economic and non-economic losses.

38. Defendants' actions following the commencement of the DOL

investigation violate the anti-retaliation provisions contained within the FLSA.

## JOINT EMPLOYER ALLEGATIONS

39. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

40. The definition of "employer" under the FLSA is not limited to the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes. *Real v. Driscoll Strawberry Assocs*., 603 F.2d 748, 754 (9th Cir. 1979).

41. Congress defined "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (*quoting* 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21 (1985) (same).

42. The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961).

43. Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

44. All joint employers are individually responsible for compliance with the FLSA.

45. The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469–70 (9th Cir. 1983). The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947).

46. At all relevant times, Defendants jointly controlled the rate and method of payment for the employees (including Plaintiffs); jointly controlled and dictated their schedule and job duties; and otherwise, jointly exercised control, input, and responsibility for the work hours, compensation, and pay policies at issue in this case. Thus, all Defendants meet the test for joint employer.

47. Furthermore, the factors regularly used by Courts to determine whether a joint employment relationship exists all support the existence of a joint employment relationship. *See Rojas v. First Pick Farms LLC*, No. 1:23-CV-604, 2026 WL 18617, at *19 (W.D. Mich. Jan. 2, 2026).

48. First, Defendants employed Plaintiffs on a long-term, consistent basis.

49. Second, the skill required to perform their job duties is consistent with

traditional non-exempt “maintenance man” job duties.

50. Third, Defendants jointly provided many of the tools and resources needed to perform the job duties.

51. Fourth, the Plaintiffs’ opportunity for profit or loss was almost entirely in Defendants’ hands. Plaintiffs were paid according to a quasi-salary established by Defendants, not their managerial or technical skills. Additionally, all of the customers belonged to Defendants, and Defendants assigned Plaintiffs to perform work for their specified customers at the time Defendants selected.

52. Whether employers, or joint employers, each Defendant is nevertheless liable for the wage violations pleaded in this Complaint. *Falk*, supra.

53. At all times herein, Defendants’ acts and omissions proximately caused the complaints, injuries, and damages alleged herein.

54. Defendants are jointly and severally liable to Plaintiffs as joint employers under the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

55. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of themselves and on behalf of:

> *All current and former plumbers who worked for Defendants at any time during the three years preceding the filing of this Complaint through judgment.*

(hereinafter referred to as the “FLSA Collective”). Plaintiffs reserve the right to

amend this definition if necessary.

56. Defendants are jointly liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated hourly employees.

57. Consistent with Defendants' policies and practice, Plaintiffs and the proposed FLSA Collective were not paid for premium overtime compensation when they worked beyond forty (40) hours in a workweek.

58. Defendants owe Plaintiffs unpaid overtime premiums at 1.5 times their regular hourly rate for each hour worked over forty (40) hours.

59. Defendants cannot meet the criteria to pay unpaid overtime wages based upon the fluctuating work week method of calculating damages. *See Snodgrass v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2015 WL 1246640, at *8 (S.D. Ohio Mar. 18, 2015) (collecting cases and holding that the fluctuating work week method of calculating damages does not apply to misclassification cases).

60. All the work Plaintiffs and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all the work the Plaintiffs and the proposed FLSA Collective performed.

61. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective by misclassifying them and not paying overtime premiums.

62. Defendants are aware, or should have been aware, that federal law requires them to pay Plaintiffs and the proposed FLSA Collective members an overtime premium for all hours worked in excess of forty (40) per workweek.

63. Defendants' unlawful conduct has been widespread, repeated, and consistent.

64. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

65. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

66. At all relevant times, the job duties and responsibilities of the FLSA Collective are the same or similar.

67. There are many similarly situated current and former employees who have been underpaid in violation of the FLSA. They would benefit from the issuance

of a court-authorized notice of this lawsuit and the opportunity to join.

**COUNT I**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

68. Plaintiffs re-allege and incorporate all paragraphs herein.

69. At all times relevant to this action, Defendants have been subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

70. At all times relevant to this action, Defendants have been engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

71. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

72. Plaintiffs and other FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

73. Defendants misclassified Plaintiffs and the FLSA Collective members as exempt employees for purposes of overtime.

74. Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

75. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

76. At all times relevant to this action, Defendants required Plaintiffs and all the proposed FLSA Collective members to perform work beyond 40 hours, and Defendants failed to pay these employees the federally mandated overtime compensation for all work performed.

77. In workweeks where Plaintiffs and other FLSA Collective members worked forty (40) hours or more, overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

78. Defendants' violations of the FLSA have been knowing and willful. Defendants have known or could have determined whether the law requires them to pay their plumbers overtime.

79. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF THE FLSA ANTI-RETALIATION PROVISIONS

80. Plaintiffs re-allege and incorporate all paragraphs herein.

81. "The anti-retaliation provision of FLSA provides that an employer is prohibited from 'discharg[ing] or in any other manner discriminat[ing] against [an] employee because such employee has filed [a] complaint or instituted ... any

proceeding under [the FLSA].'" *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006), quoting 29 U.S.C. § 215(a)(3).

82. Plaintiffs' complaints to Defendants and the DOL regarding unpaid overtime are protected activities under the FLSA. *See Ellis v. Yum! Brands, Inc.*, 556 F. Supp. 2d 677, 682 (W.D. Ky. 2008) ("An informal complaint constitutes protected activity under the FLSA."); *Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004) ("[plaintiff] was clearly engaged in statutorily-protected activity, given the fact that the anti-retaliation provisions of the FLSA can be triggered by informal complaints."). See also *McKinnon v. L-3 Commc'ns Corp.*, 814 F. App'x 35, 42 (6th Cir. 2020) ("A complaint has been 'filed' when a reasonable, objective person would understand the employee to have put the employer on notice that she is asserting statutory rights under the FLSA.").

83. Defendants were aware that Plaintiffs were exercising their rights under the FLSA because they initiated an investigation with DOL and otherwise objected to Defendants uniform policy of not paying its plumbers overtime premiums.

84. Defendants took adverse employment action by terminating Plaintiffs' employment, cutting Plaintiffs and the FLSA Collectives wages, threatening, taunting, and harassing them regarding their objections to not receiving FLSA mandated overtime wages.

85. An employer who violates section 215(a)(3) of the FLSA is liable to the employee for economic *and* non-economic injuries, including emotional injuries. *Moore* at 563.

86. As a result of Defendants' retaliatory actions, Plaintiffs and the FLSA Collective have suffered serious and continuing non-economic damages, including, but not limited to mental anguish, anxiety, fear, and embarrassment.

87. Plaintiffs and the FLSA Collective seek to recover for all economic and non-economic damages available by law through this lawsuit.

WHEREFORE, Plaintiffs request the following relief:

a. An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members, and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

c. An Order designating the Plaintiffs as representatives of the FLSA Collective and undersigned counsel as counsel for the same;

d. An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. An Order declaring Defendants violated the retaliation provisions of the FLSA (Count II), as explained herein;

f. An Order declaring Defendants' violations of the FLSA were willful;

g. An Order granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the FLSA Collective the full amount of damages and liquidated damages available by law;

h. An Order granting judgment in favor of Plaintiffs and awarding them all non-economic damages available by law;

i. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

j. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

k. An Order awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: May 28, 2026

Respectfully Submitted,

**ASH LAW, PLLC**
***/s/ Charles R. Ash, IV***
Charles R. Ash, IV (MI Bar P73877)
43000 W. 9 Mile Rd., Ste. 301
Novi, MI 48375
Phone: (734) 234-5583
cash@nationalwagelaw.com
*Counsel for Plaintiffs and the Putative Collective*